## Theatre Equipment Acceptance Corp. v. Friedman et al.

*B. Jarrett*, for plaintiff.

McLaughry, P. J., April 9, 1931.—The National Theatre Supply Company sold to Peter M. Pegadiotes under a conditional sales contract certain property of the following character and description: Two Simplex Mechanisms complete with two wing-opaque shutters and E-20 traps; twenty-six feet Vallen noiseless all-steel safety track.

The contract was made on May 8, 1929, and filed as provided by law on May 10, 1929. Said property was delivered to the said Peter M. Pegadiotes at the Capitol Theatre Building at Farrell, Pennsylvania, the theatre being leased and operated by the Lawrence Amusement Company, of which the said Peter M. Pegadiotes was a stockholder and general manager.

On May 31, 1929, the National Theatre Supply Company assigned the conditional sales contract and all its interests to the plaintiff, Theatre Equipment Acceptance Corporation.

Lawrence Amusement Company, the lessee of the Capitol Theatre, defaulted in the payment of rent under the terms of the lease of said theatre, and in

consequence the landlord on July 16, 1930, issued a landlord's warrant and sold the above-described property, together with other chattels on the premises, to the McDowell Securities Company. On the date of the landlord's sale, notice was given to the constable that said property was not the property of Lawrence Amusement Company, but that it was the property of Theatre Equipment Acceptance Corporation, and that, therefore, it was not liable for rent.

The question before the court is, wnether goods held under a conditional sales contract are exempt from distress for rent under the provisions of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603. It is claimed by counsel for the plaintiff that the purpose of the Conditional Sales Act was to protect the seller of goods against creditors of the purchaser. We are perfectly in accord as to this, but we are of the opinion that the term "creditor" as used here does not apply to the landlord. He need not be concerned about the title to the personal property upon the premises leased. The physical presence of the personal property on the premises gives him his right, as it is regarded under the common law as a pledge or security of the rent until satisfaction is obtained by payment.

Distress is not an action but a remedy. Action is defined as "the right of suing in a court of justice for that to which one is entitled." It is prosecuted by one party against another, and to it of necessity there must be a plaintiff and a defendant. A remedy is a means to prevent or obtain redress for a wrong. A remedy by distress where the personal property of one occupies the real estate of another without recompense to the owner of the real estate is a proceeding in rem given to the landlord, whereby he has the right to seize and hold the property found on the premises until it is redeemed by payment of the rent. The liability arises from the fact that the property is found on the premises and not from the ownership. The remedy does not follow the person of the tenant, but is confined to the land out of which the rent issues. As was said in an old English case: "The remedy is enforced against the land and not against the tenant." It is enough for the owner of the premises that the goods are present on the property, and the landlord himself may distrain without the intervention of any public officer. The enactment of the statute is only necessary to bring the goods to public sale.

A conditional sales contract only preserves to one such interest in his property as he would have if it were in his own possession on leased premises, and wherever it may be stored there is an obligation upon his part to see that the owner of such premises is receiving the agreed consideration for the use of the premises where it is stationed. This act does not confer upon the seller rights greater than those to be enjoyed by the holder of any other goods.

We find nothing in the Conditional Sales Act that would interfere with the right of the landlord to sell the property, as was done in this case. The right to distrain has existed from the earliest days of the common law, and in Pennsylvania the legislature has enacted statutes regulating the procedure to sell the property held as a pledge, where necessary to obtain satisfaction. The procedure seems to be regular in this case and the purchaser, McDowell Securities Company, is entitled to the property purchased at the sale.

### Order

And now, April 9, 1931, this matter came before the court by an agreement of the parties and was submitted upon briefs; whereupon, after due consideration, it is ordered and directed that judgment be entered in favor of the defendant, McDowell Securities Company.

From W. G. Barker, Mercer, Pa.